Leo PRUNEAU, Appellant,

v.

Vincent Joseph CAIN and Monsanto Company, Respondents.

No. 54682.

Supreme Court of Missouri, Division No. 2.

Sept. 14, 1970.

Motion for Rehearing or to Transfer to Court -En Banc Denied Oct. 12, 1970.

Roberts & Roberts, by Clinton B. Roberts, Farmington, for appellant.

Samuel Richeson, Nicholas G. Gasaway, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for respondents.

FINCH, Judge.

Plaintiff brought suit for $75,000 against Monsanto and its employee Cain for personal injuries received in a collision of two vehicles on Highway 32 in Ste. Genevieve County. The verdict of the jury was in favor of both defendants, and plaintiff appeals. We reverse and remand.

Highway 32 is a two-lane blacktop road, 20 to 21 feet wide, with 4 to 6-foot grass shoulders on each side. On January 12, 1968, at about 8:20 a. m., plaintiff was driving his school bus eastwardly thereon toward Ste. Genevieve, stopping from time to time to pick up students. The Monsanto truck was traveling west toward Bonne Terre. The pavement was icy and slick.

As the bus approached a driveway leading from the south side of the highway to the Vessell home, the bus slowed down and pulled to the right as far as possible for the purpose of stopping and picking up the Vessell boy who was waiting on the driveway. At a point about 15 feet west of the Vessell driveway, the Monsanto tractor struck the left side of the school bus, turning it over into the ditch on the south side of the road.

Plaintiff submitted his case to the jury on the theory of failure of defendants to keep a careful lookout. At defendants' request, the court gave a contributory negligence instruction as follows:

"INSTRUCTION NO. 3

"Your verdict must be for defendants whether or not defendants were negligent if you believe:

"First, plaintiff knew that the pavement of the highway was slick because of the presence of ice; and

"Second, plaintiff first put out his stop board when defendant's driver was closely approaching plaintiff's vehicle; and

"Third, plaintiff's conduct in the respect submitted in paragraph second was negligent; and

"Fourth, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained."

The principal contention by plaintiff on appeal is that the above instruction was erroneous because there was no evidence to show any causal connection between plaintiff's act of extending the stop board and the collision. Consequently, we state only such portion of the evidence as is necessary to a decision of that question.

The school bus was equipped with blinker lights pursuant to the requirement in § 304.050(2), V.A.M.S., which provides that, "Each school bus subject to the provisions of sections 304.050 to 304.070 shall be equipped with a mechanical and electrical signaling device, which will display a signal plainly visible from the front and rear and indicating intention to stop." It also had a stop board, containing the word "Stop," which could be extended from the left side of the bus.

There is no question but that the blinker lights on the school bus were turned on and operating when defendant Cain first saw it. Plaintiff testified that he turned them on when he was about 300 feet west of the Vessell driveway and kept them on thereafter. Defendant Cain testified that the lights were blinking when he first observed the school bus. At the trial he fixed

the distance between the two vehicles at that time at 300 feet. In a prior deposition he had fixed the distance at 150 yards, and plaintiff offered that statement as an admission against interest.

The school bus had been traveling at 20 to 25 mph prior to turning on the blinker lights. It slowed to 5 to 10 mph as it approached the Vessell driveway. Plaintiff testified that he did not at any time extend the stop board, and some of the bus passengers likewise so testified.[1] However, defendants' evidence was that the stop board was extended when the vehicles were about 200 feet apart, and that version must be accepted for the purpose of determining whether defendants were entitled to give Instruction No. 3.

Defendant Cain fixed his speed at the time he first observed the school bus at 30 mph. He slowed to 25 mph and went into a skid. When the vehicles were 200 feet apart, and when defendant's tractor-trailer already was in a skid, the stop board on the bus was extended. Defendant Cain further testified that when the vehicles were 200 feet apart, he applied his brakes and the tractor skidded on across the road and into the side of the bus. The tractor-trailer actually jackknifed, the tractor striking the left side of the bus. On cross-examination, Cain conceded that at the accident scene he had stated to the highway trooper, "I seen his lights. I knew I had to stop. I hit the brakes and the trailer jackknifed."

We conclude that there was no evidence to show any causal connection between plaintiff's act in extending the stop board and the ensuing collision. It is clear that plaintiff gave ample notice with his blinker lights of his intention to stop the bus. These lights were operating when defendant Cain first observed the bus. At that time the vehicles were 300 feet apart, according to Cain's testimony at the trial, and

450 feet apart according to his admission against interest which plaintiff introduced. Under the statute, that signal indicates an intention to stop. Defendant Cain obviously so understood it. At the scene he told the trooper that he saw the lights and knew he had to stop. At the trial he testified that when he observed the lights he began to slow his vehicle.

■ Defendants do not complain of the blinker lights or seek to submit on contributory negligence on the basis of their operation. Instead, they seek to establish that extension of the stop board as the bus neared the place where it would complete the stop constituted negligence which contributed to the collision. However, the extension of the stop board only confirmed what defendant Cain already had been told and what he already knew. The blinker lights informed him that the bus was going to stop. He so interpreted them and acted thereon. This is not an instance where plaintiff negligently gave a belated notice of an intention to stop, thereby failing to give adequate warning of the stop to be made. Defendant Cain knew from the moment he observed the bus that it was going to stop. He so admitted. Furthermore, there was no evidence that if plaintiff had not extended the stop board, the situation would have been any different. The tractor-trailer was skidding before the board was extended. Only by speculating and resorting to conjecture outside the record could the jury conclude that extension of the stop board proximately contributed to cause the collision. That being true, the giving of Instruction No. 3 was error.

■ Plaintiff also urges error in the admission into evidence for purposes of impeachment of certain portions of a recorded statement taken from plaintiff the day after the accident, together with an amplified rerecording thereof. The basis of plaintiff's objection is that the recordings were

1. For purposes of impeachment, defendants offered evidence of a statement given by plaintiff the day after the accident that he had extended the board when he was 25 feet from the Vessell driveway.

inaudible so that only minor parts could be heard by the jury and persons on the jury could not determine who was talking in the recordings. Having concluded that this case must be reversed and remanded for error in Instruction No. 3, we refer to this point only for the reason that it would appear to be clear that the same question will arise on retrial.

We find no error in the incidents complained of. The record does show that there were hearing problems in connection with the recorded statement. However, the amplified rerecording was offered for the purpose of making the statement audible, and in addition the person who took the statement took the stand as a witness and identified a written transcription of that statement. This was marked as an exhibit and received in evidence. No objection was made that the transcript was inaccurate. Under such circumstances, we find no basis for concluding that introduction of the recorded statement was reversible error.

Reversed and remanded.

All of the Judges concur.